# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CARLOS URIEL MUNOZ-HERRERA,<br><br>Defendant. | Case No. 3:23cr1395-W<br><br>**ORDER GRANTING JOINT MOTION TO CONTINUE MOTION HEARING AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT** |

Upon the joint motion of the parties (ECF No. 18), and good cause appearing, the Court GRANTS the parties' joint motion to continue the Motion Hearing and GRANTS the parties' joint motion to exclude time under the Speedy Trial Act, Title 18 U.S.C. §§ 3161(h)(1)(D) and 3161(h)(7)(A). Accordingly, the Motion Hearing set for August 28, 2023, at 9:00 a.m. is vacated and continued to **October 2, 2023, at 9:00 a.m.** The Court makes the following factual findings, which apply to the exclusion of time under the Speedy Trial Act.

There are pending pretrial motions on file in this case that require a hearing before the Court. Accordingly, the Court continues the pending pretrial motions to the new hearing date and finds valid excludable time under the Speedy Trial Act, 18 U.S.C.

//

//

§ 3161(h)(1)(D), from the date of the filing of the first pending pretrial motion (Doc. 17) to the date of the new Motion Hearing/Trial Setting scheduled for October 2, 2023. *See United States v. Tinklenberg,* 563 U.S. 647, 650 (2011) (Holding that time resulting from the filing of a pretrial motion falls within the Speedy Trial Act's exclusion irrespective of whether it actually causes, or is expected to cause delay in starting a trial.); *See also United States v. Medina,* 524 F.3d 974, 979 (9th Cir. 2008) (Holding that when a pending discovery motion is "continued until a date certain or the happening of an event certain" a "district court must exclude time while the motion is pending even if the court ultimately does not hold a hearing or rule on the motion.") (citing *United States v. Sutter,* 340 F.3d 1022, 1029-32 (9th Cir. 2003)); *United States v. Van Brandy,* 726 F.2d 548, 551 (9th Cir. 1984) ("While [a defendant] had a motion pending during the critical period, any delay attributable to him is equally attributable to all co-defendants[.]") (citing Title 18 U.S.C. § 3161(h)(7); *United States v. Davis,* 679 F.2d 845, 849-50 (11th Cir. 1982)).

Taking into account the exercise of due diligence by counsel, the Court finds that based on the ongoing discovery, the nature of the charges, it's unreasonable to expect adequate preparation for pretrial proceedings and the trial itself within the time limits established by the Speedy Trial Act. Furthermore, the failure to grant the requested continuance would deny counsel the reasonable time necessary for effective preparation and would result in a miscarriage of justice. Therefore, the Court finds that time is excluded under 18 U.S.C. § 3161(h)(7)(A) and (B) from the date of this order to the new Motion Hearing/Trial Setting scheduled for October 2, 2023, and further finds that the ends of justice served by granting a continuance outweigh the best interests of the public and the defendant in a speedy trial. *See United States v. Tanh Huu Lam,* 251 F.3d 852, 858 (9th Cir. 2001), as amended on denial of reh'g and reh'g en banc sub nom. *United States v. Lam,* 262 F.3d 1033 (9th Cir. 2001) ("[D]eclin[ing] to permit a defendant's interest in a speedy trial to override his attorney's legitimate assessment of the complexity of a case and his

corresponding need to prepare" and further noting that "[t]o hold otherwise would risk setting up an irreconcilable conflict with a defendant's right to effective assistance of counsel[.]").

**IT IS SO ORDERED.**

Dated: August 23, 2023

                                                _____
Hon. Thomas J. Whelan
United States District Judge